[No. 10,531.—In Bank.]

## Ex parte WESTERFIELD.

Constitutional Law—Sunday Act—Special Law—Definition.—The Act of April 16th, 1880, "to regulate and provide for a day of rest in certain cases," making it a misdemeanor " for any person engaged in the business of baking to engage, or permit others in his employ to engage, in the business of baking for the purpose of sale, between the hours of 6 o'clock P. M. on Saturday and 6 o'clock P. M. on Sunday, etc.," is a special law, and, as such, in conflict with subd. 2, § 25, art. iv, of the Constitution.

Habeas Corpus.

*F. H. Casselhun,* and *H. E. Highton,* for Petitioner.

*Graves & Collins, contra.*

MYRICK, J.:

The petitioner is in the custody of the Chief of Police of the City and County of San Francisco, under a warrant charging a misdemeanor under an act entitled "An Act to regulate and provide for a day of rest in certain cases," approved April 16th, 1880.    (Stat. 1880, p. 80.)

The act provides that "it shall be unlawful for any person engaged in the business of baking to engage, or permit others in his employ to engage, in the labor of baking, for the purpose of sale, between the hours of 6 o'clock P. M. on Saturday and 6 o'clock P. M. on Sunday, except in the setting of sponge preparatory to the night's work; provided, however, that restaurants, hotels, and boarding-houses may do such baking as is necessary for their own consumption"; and a violation of the act is made a misdemeanor, punishable by fine and imprisonment, or both.

This act is in conflict with § 25, art. iv, of the Constitution, and is therefore void.

"Section 25.    The Legislature shall not pass local or special laws in any of the following enumerated cases, that is to say; * * * * *   Second.—For the punishment of crimes and misdemeanors."

The act purports, according to its title, to be an act to provide for a day of rest.    Instead of pursuing that intent, it goes on to say that certain acts, viz., the labor of baking for the purpose of sale, if performed by certain persons, viz., persons "engaged in the business of baking for the purpose of sale," shall constitute a crime, and shall be punished.    The employés are not to be punished.    This is special legislation.    A certain class is selected.    As well might it have said, if master carpenters or blacksmiths, or if attorneys having clerks, shall labor or permit employés to labor, they shall be deemed guilty of a misdemeanor and be punished; carpenters or blacksmiths, not master workmen, or attorneys without clerks, may labor at their will. The baking of bread is in itself lawful and necessary.    Even if there be authority to restrain the labor on some one day, it must be, if at all, under a general law restraining labor on that day.

Let the petitioner be discharged.

THORNTON, J., concurred.

McKinstry, J., concurring:

I concur. I entertain no doubt that the invalidity of the statute under which the defendant was arrested may be determined upon *habeas corpus*.

"Sunday laws" have been held not to be violative of a provision of a Constitution, that "the free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this State." (*Ex parte Andrews*, 18 Cal. 678.) Such laws have been sustained as imply requiring a periodical cessation from labor—the power to pass them resting upon the right of the Legislature to pass laws for the preservation of health and the promotion of good morals. I do not deem it necessary, in this place, to assent to the proposition that a law which enforces, under penalty of fine and imprisonment, a cessation from labor on Sunday by one whose religious belief has imposed upon him the duty of taking *his* rest on *Saturday*, in no degree discriminates against his "religious profession." But admitting the constitutionality of general laws prohibiting all labor upon Sunday, or upon any other day, I think the Act of April 16th, 1880, is a "special law," within the meaning of those terms as employed in § 25, art. iv, of the present Constitution. The act does not declare the business of "baking," as ordinarily conducted, to be a nuisance, nor does it contain any intimation that the business of baking may tend to interrupt divine worship by any class of sectaries, or can otherwise interfere with the rights or privileges of any citizen. The baking of bread is not only lawful and necessary, but we will take notice that there is nothing so peculiar in the occupation as that those engaged in it require— as a sanitary measure or for the protection of their morals—a period of rest not required by those engaged in many other employments.

A general law must include within its sanction all who come within its purpose and scope. It must be as broad as its object. If it is to be made a crime not to refrain from labor during the whole or during a portion of any given day of the week, it must be made equally a crime as to all persons who do not so refrain; or the prohibitory law must be made applicable to all of a class,

the members of which, for reasons apparent, upon mention of the class, *may* at least require, for the benefit of their health or morals, a period of rest not beneficial to any other class or individual. We might perhaps take notice that there are controlling reasons why clergymen should not be prohibited from pursuing their pious labors on the Christian Sabbath, and that a law might still be general which included all others, although it excluded them. So we might perhaps hold that there are other special classes who might be permitted to pursue their avocations, nowithstanding a law which prohibited labor by the rest of the community, because of the fact that their peculiar pursuits involved "works of necessity," and placed them beyond the benefits of a law, which would compel an enforced cessation of labor by others. But there can be no rule which will permit the prohibition of a particular kind of labor in itself innocent and beneficial to the public. There is no reason, and can be no reason, why *bakers* should be forced to rest from their labors periodically, which is not applicable to many other classes of artisans and workmen. To say that every law is "general" within the meaning of the Constitution, which bears equally upon all to whom it is applicable, is to say that there can be no special laws.

SHARPSTEIN, J., concurred in the judgment.

[Mr. Justice ROSS and Mr. Justice McKEE, not having heard the argument, took no part in the decision of this case.]