[Crim. No. 1871. First Appellate District, Division One.—March 13, 1936.]

In the Matter of the Application of NICK J. BOEHME for a Writ of Habeas Corpus.

Leo A. Sullivan, John G. Robertson and A. K. Whitton for Petitioner.

U. S. Webb, Attorney-General, Darwin Bryan, Deputy Attorney-General, Earl Warren, District Attorney, Alameda County, R. H. Chamberlain, Assistant District Attorney, F. Bert Fernhoff, City Attorney, Oakland, and Homer W. Buckley, Assistant City Attorney, for Respondents.

Raymond D. Williamson and William E. Barden, as *Amici Curiae* on Behalf of Respondents.

THE COURT.—The petitioner was convicted of violating section 23 of the Barber Shop Law as amended by adding thereto subdivision (j) (chap. 526, Stats. 1935), making it unlawful for any person to "operate or keep open any barber shop or college for more than six days in any one calendar week", and sentenced to imprisonment in the city prison of Oakland in the county of Alameda. Claiming that said imprisonment is unlawful he sought his freedom by writ of *habeas corpus* in the superior court of that county, and after a hearing upon the writ he was remanded to custody. He now makes application to this court for the same relief and upon the same grounds, namely, that the provision of the law in question is unconstitutional and void as a violation of rights secured to a citizen by section 1 of the fourteenth amendment to the federal Constitution, and sections 1 and 21 of article I and subdivisions 2 and 33 of section 25 of article IV of the state Constitution.

The provision of the federal Constitution referred to is to the effect that " . . . no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws"; and the provisions of the state Constitution invoked are those declaring the right of a citizen to acquire property, forbidding the granting of privileges or immunities to any citizen or class of citizens which upon the same terms shall not be granted to all citizens, or the passing of local or special laws for the punishment of crimes or misdemeanors, or in any case where a general law can be made applicable.

It is generally held—and, indeed, it is not contended otherwise by the petitioner—that a legislative enactment designed to promote the safety, health or general welfare of the public is valid, although its enforcement results in curtailing rights otherwise guaranteed by the Constitution, but the petitioner contends that the provision of the Barber Shop Law here in question is not of that character.

The precise question involved was before the Supreme Court of the state in the case of *In re Jentzsch,* 112 Cal. 468 [44 Pac. 803, 32 L. R. A. 664], the only difference being that there the hours of the day during which barber shops may

be kept open were restricted while here it is the number of days in the week. The court there held that while the right of a citizen to freely pursue any lawful calling was protected from legislative interference by one or other of the provisions cited, the legislature was nevertheless empowered, under what is commonly referred to as the police power of the state, to limit that right in the interest of the safety, health and general welfare of the community, although in doing so it must observe relevant provisions of the Constitution forbidding discrimination between citizens or classes of citizens, or requiring that in every case where applicable such limitation must be by general law. The court also pointed out that in case of the establishment of a class of citizens the classification must be based upon some natural or intrinsic or constitutional distinction. It was there said: ''While the police power is one which makes most potently for good, in its undefined scope and inordinate exercise lurks no small danger to the republic. For the difficulty which is experienced in defining its just limits and bounds affords a temptation to the legislature to encroach upon the rights of citizens with experimental laws, none the less dangerous because well meant. . . . A man's constitutional liberty means more than his personal freedom. It means among other rights his right freely to labor and to own the fruits of his toil. It is a curious law for the protection of labor which punishes the laborer for working. Yet that is precisely what this law does. The laboring barber, engaged in a most respectable, useful and cleanly pursuit, is singled out from the thousands of his fellows in other employments and told that, willy nilly, he shall not work on holidays and Sundays after 12 o'clock noon. His wishes, tastes and necessities are not consulted. If he labors he is a criminal. Such protection to labor carried a little further would send him from the jail to the poorhouse. . . . Whether or not a general law to promote rest from labor in all business vocations may be upheld as within the due exercise of the police power as imposing for its welfare a needed period of repose upon the whole community, a law such as this certainly cannot. A law is not always general because it operates upon all within a class. There must be back of that a substantial reason why it is made to operate only upon a class, and not generally upon all. As was said in *Pasadena* v. *Stimson,* 91 Cal. 238 [27 Pac. 604]: 'The conclusion is

that, although a law is general and constitutional when it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction, it is not general or constitutional if it confers particular privileges or imposes peculiar liabilities or burdensome conditions in the exercise of a common right upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law.' ''

A somewhat similar question was involved in the case of *In re Sumida,* 177 Cal. 388 [170 Pac. 823]. There the court upheld an ordinance compelling all business to be closed on Sunday with certain exceptions, but emphasized the requirement that the classification be founded upon a real difference. And in *Ex parte Miller,* 162 Cal. 687, 698 [124 Pac. 427], the same principle is stated in these words: ''A law is general and uniform in its operation when it applies equally to all persons within the class to which it is addressed, provided such classification is made upon some natural, intrinsic or constitutional distinction between the persons composing it and others not embraced in it. . . . The difference on which the classification is based must be such as in some reasonable degree will account for or justify the peculiar legislation.''

It is strongly urged by respondent that the persons engaged in the trade of barbering do in fact constitute a class sufficiently distinct from the general community to require or justify legislation applying solely to them. This may be conceded, but the necessity still remains that the particular legislation be peculiarly appropriate to the persons engaged in that trade. In urging his contention the respondent points out that the entire act known as the Barber Shop Law is designed to promote the public health by means of the regulations therein contained of a sanitary nature. That is undoubtedly true, and those regulations are not here called into question. But obviously a provision placing an arbitrary limitation on the number of days their shops shall be kept open for the accommodation of the public has not the remotest connection with a law enacted for the purpose of standardizing competency of barbers, requiring that they be persons of moral character, and including a number of sanitary regulations calculated to protect their patrons from the danger of

contracting communicable diseases while undergoing their ministrations.

It is suggested in a brief permitted to be filed by *amici curiae* that the measure should be sustained as a public health regulation because closing a shop on one day a week affords an opportunity to thoroughly clean it, such cleaning not being practicable otherwise owing to the long hours of operation prevailing in the business. This suggestion, we think, is met by pointing out that the sanitary practices prescribed by the Barber Shop Law are such as to require continuous observance, and that the general cleaning of the premises (which is not mentioned in the act) such as sweeping or scrubbing could hardly be left to be done on one day a week, any more than it could with respect to other places of business patronized by the public.

What are known as Sunday laws are upheld, against the objection that they obstruct the constitutional right to freely labor, upon the ground that one day of rest in seven is necessary for the good health of the community. That ground, however, is not available to the respondent in the present case, for we have in this state a general statute limiting the number of days per week that any employee may work, which reads: ''Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven'' (Stats. 1893, p. 54), and the violation of the statute is made a misdemeanor. The petitioner here, however, is not charged with such a violation; and it is obvious that he could keep his establishment open every day of the year and still not require his employees (if any) to work more than six days a week, or even five. It seems apparent to us that the real object in view in enacting subdivision (j) of section 23 of the Barber Shop Law was not to prescribe one day of rest in seven for barbers, but plainly to restrict competition among the owners of the shops. Such an object is certainly not within the police power under our Constitution.

A number of cases from the courts of other states are cited in respondent's brief in which legislation somewhat analogous to that here involved has been upheld upon the ground that it was conducive to the public health and welfare. As to this it may be said that the conditions with which such legislation dealt were not identical with those we have here; that since many of them were rendered the general conditions sur-

rounding the subject have been changed by the rapid growth of activities restricting hours of labor in all kinds of business. Nor is the reasoning of those cases so persuasive as to warrant this court in abandoning the rule established in this state by the decisions of our own Supreme Court.

It is our conclusion that subdivision (j) of section 23 of the Barber Shop Law is repugnant to that provision of both the federal and state Constitutions guaranteeing the right of a citizen to pursue a lawful calling, and also to that provision of the latter forbidding the enactment of a special law where one general in its character can be made applicable.

It is ordered that the petitioner be discharged from custody.