[Crim. No. 4004. In Bank.—September 2, 1936.]

In the Matter of the Application of MANNIE SCARA-NINO for a Writ of Habeas Corpus.

Arthur J. Healy for Petitioner.

Leo A. Sullivan, John G. Robertson and A. K. Whitton, as *Amici Curiae* on Behalf of Petitioner.

Matthew Brady, District Attorney, and Arthur Jonas, Assistant District Attorney, for Respondent.

Raymond D. Williamson and William E. Barden, as *Amici Curiae* on Behalf of Respondent.

· CURTIS, J.—Application for writ of *habeas corpus*. Petitioner was convicted of violating subdivision (j) of section 23 of the California Barber Law. (Stats. 1927, p. 1748; Stats. 1935, p. 1603.) Said subdivision provides that it shall be unlawful "to operate or keep open any barber shop or college for more than six days in any one calendar week". Petitioner argues that this statutory provision constitutes a deprivation of property without due process of law, an unnecessary and undue restraint of personal liberty, and an unwarranted interference with the carrying on of a lawful business, as well as special legislation based upon an arbitrary classification. Specifically, petitioner contends that said subdivision violates section 1 of the Fourteenth Amendment of the United States Constitution, and sections 1 and 21 of article I, and subdivisions 2 and 33 of section 25 of article IV of the state Constitution.

It is our conclusion that petitioner's position is correct. The precise question involved herein, the constitutionality of subdivision (j) of section 23 of the California Barber Law, was presented to the District Court of Appeal, First District, Division One, upon an application for a writ

of *habeas corpus,* and said subdivision was held to be repugnant to the provisions of both the federal and state Constitutions. (*Ex parte Boehme,* 12 Cal. App. (2d) 424 [55 Pac. (2d) 559].) A similar question was before this court in the case of *Ex parte Jentzsch,* 112 Cal. 468 [44 Pac. 803, 32 L. R. A. 664]. In that case the hours within which a barber shop might be kept open were restricted, whereas here it is the number of days in each calendar week which is restricted. Upon the ground that the classification was an arbitrary one as laborers in other occupations were as justly in need of rest and repose as barbers, the court held the statute unconstitutional and discharged the prisoner. In the recent case of *Ganley* v. *Claeys,* 2 Cal. (2d) 266 [40 Pac. (2d) 817], an ordinance of the city of Martinez which provided that all barber shops should be closed from 6:30 P. M. of each day until 8 o'clock of the following morning except on Saturday and days preceding holidays specified in the ordinance, on which days they should close at 8 P. M. and remain closed all day on Sunday and the specified holidays, was held to have no real relation to the protection of the public health. In that case, the regulatory provision, which was a city ordinance rather than a state statute, was held to be unconstitutional.

No satisfactory reason has been advanced why the conclusions expressed in the above cited opinion are not correct. It is urged that the measure may be sustained as a sanitary measure in that the closing of all barber shops for one day each week would facilitate the thorough cleaning of such shops. It may be that some barber shops would take advantage of the closing of the shop one day a week to clean it thoroughly, but there is no reason to suppose that all of them, or even a majority of them, would do so. Furthermore, as pointed out in the case of *Ex parte Boehme, supra,* the sanitary practices prescribed by the California Barber Law are such as to require continuous observance and the general cleaning of the premises could hardly be left to be done on one day of the week.

The measure cannot be upheld upon the theory upon which the Sunday laws have been upheld, to provide for "a periodical cessation of labor tending to the preservation of health and the promotion of good morals", for the reason that this measure is not general in its operation applying

equally to all in need of rest and recuperation, but extending only to barber shop owners and employees. The language of the concurring opinion of McKinstry, J., in *Ex parte Westerfield,* 55 Cal. 550 [36 Am. Dec. 47], with reference to a statute regulating the hours of labor of bakers, is particularly appropriate to the facts of this case. "A general law must include within its sanction all who come within its purpose and scope. It must be as broad as its object. If it is to be made a crime not to refrain from labor during the whole or during a portion of any given day of the week, it must be equally a crime as to all persons who do not so refrain; or the prohibitory law must be made applicable to all of a class, the members of which, for reasons apparent, upon mention of the class, may at least require, for the benefit of their health, or morals, a period of rest not beneficial to any other class or individual. . . . There can be no rule which will permit the prohibition of a particular kind of labor in itself innocent and beneficial to the public. There is no reason, and can be no reason why bakers should be forced to rest upon their labors periodically, which is not applicable to many other classes of artisans and workmen. To say that every law is 'general' within the meaning of the Constitution, which bears equally upon all to whom it is applicable, is to say that there can be no special laws."

The subdivision here involved cannot, of course, be upheld as a valid restriction of competition among those engaged in the profession of barbering.

While we are in accord with the belief that we have arrived at a stage in our economic life, due to the progress of industry and the development of machinery, when long hours of labor are no longer necessary and are not desirable, nevertheless, we cannot escape the conclusion that a law which singles out a single profession or calling for regulation of such matters is special legislation, and repugnant to the federal and state Constitutions.

It is ordered that the petitioner be discharged from custody.

Waste, C. J., Shenk, J., Seawell, J., Thompson, J., and Langdon, J., concurred.