### In re Appeal of Jane Brooks

[286 A.2d 279]

No. 28-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*J. Morris Clark,* Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Edward J. Cashman,* Assistant Attorney General, for the State.

**Smith, J.** This is an appeal from an affirmance of the decision of the Commissioner of Social Welfare by the Board of Social Welfare at a fair hearing held on January 16, 1971. The petitioner is a beneficiary of the Welfare Department's Aid to the Aged, Blind and Disabled program. She is the mother of five children who live with her. The question certified to this Court for review is stated in the following language:

"Does the regulation of the Vermont Department of Social Welfare, Family Services Policy Manual Section 2232, permit payment of $150 per month for personal

services only when there are two or more recipients of Aid to the Aged, Blind and Disabled in one household, or is such payment permissible whenever the household contains two or more persons regardless of whether the additional persons received such aid?"

The petitioner contends that under Family Services Policy Manual, issued by the Commissioner, she is entitled to $150.00 per month rather than the $100.00 per month provided to her by the Department of Social Welfare. No question is raised but that the Commissioner was authorized to make the regulation under which the payments are being made. What is contended here is that a proper interpretation of the regulation, which is the basis of the dispute, would entitle the petitioner to the payment that she requests, rather than the one that is being furnished.

The disputed section of the manual on aid provided for persons receiving personal services under the Aged, Blind and Disabled program is quoted below:

"Personal Services (AABD only).
Allowance for personal services may be included for client or spouse . . . ."
"Salary for the person(s) furnishing personal services may be included as paid up to the following maximums:
$100.00 per month for one person
$150.00 per month for two or more persons in the same household (i.e. client and spouse, or two clients) . . . ." FSPM § 2232.

Before proceeding to the determination of the question here certified, we note that payments for the needs of the children of the petitioner are being provided for by the Department under the Aid to Needy Families with Children program.

As already stated, we need not consider the authority of the Commissioner of Public Welfare to make the regulation in question, for such power is expressly conferred by 33 V.S.A. § 2505, and the petitioner so concedes. Nor is the Court asked to consider whether the regulation in question is reasonable under the question certified. Therefore, suitability of the regulation in the circumstances presented is not before us. *Sabre* v. *Rutland R.R. Co.*, 86 Vt. 347, 366, 85 A. 693 (1913).

The only question that is before us can be said to be confined to the interpretation of that part of Personal Services (AABD only) which reads:

"$150.00 per month for two or more persons in the same household (i.e. client and spouse or two clients) . . . ."

The petitioner asserts that the allowance of "$150.00 for two or more persons in the same household" should be allowed her because of the fact that her five children live with her. The Vermont Department of Social Welfare contends that the "i.e." following such provisions allows the payment of $150.00, rather than $100.00, only when two or more disabled persons are living in the same household.

It is to be noted under 2232 Personal Services (AABD only) that allowance for personal services are included only "for client or spouse." Client is defined as a person served by or utilizing the services of a social agency or public institution. Webster's Third New International Dictionary. Under such definition such services can only be furnished to a disabled person who is being served by the AABD, or the spouse of such person.

The term "i.e." can be said to mean "that is". Webster's Third New International Dictionary. It is used in FSPM § 2232 by the Commissioner of Public Welfare to aid the employees of his department in evaluating the amount of the allowance that should be made to a disabled person. It is the argument of the Commissioner, which was approved by the Board of Social Welfare at the fair hearing, that the allowance of $150.00, rather than $100.00, can only be made when two or more disabled persons live in the same household.

 We believe that the "i.e." addition to the regulation in question could have been more clearly drawn. For example "client and spouse", without further interpretation might seem to allow the additional allowance when the "spouse" was able-bodied, and not entitled to assistance under the AABD program. However, the interpretation of his own regulation by the Commissioner must be given great weight by us, if consistent with the purposes of the act under which they are

made. *Central Vt. Public Service Corp., Re Increased Rates,* 116 Vt. 206, 209, 71 A.2d 576 (1950). It is the interpretation of the Commissioner, upheld by the decisions of the Board, that only when two disabled persons live in the same household, regardless of relationship, that the $150.00 allowance can be made to a recipient.

33 V.S.A. § 2651(b) "Aid to the Disabled", subsection 2, provides that aid to the disabled can only be given to one who "is permanently and totally disabled . . . ."

33 V.S.A. § 2654 allows the Commissioner to, by regulation, fix maximum amounts of aid and takes measures to insure that the expenditures for the programs shall not exceed the funds provided for them.

For us to hold, as the petitioner wishes, that under the regulation in question the Department of Social Welfare would have to pay $150.00 whenever there were two or more persons of any nature in the household of a disabled person, would not only be contrary to the interpretation of the regulation made by the Commissioner, but would also be contrary to the expressed intent of the statute (33 V.S.A. Chapter 30) in that a person, by adding an additional person of any nature to his or her household, would receive a $50.00 bonus.

*The ruling of the Board of Social Welfare is affirmed.*