430 A.2d 460 (1981)
George HUNTINGTON and Donna Huntington
v.
DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES.
No. 325-80.
Supreme Court of Vermont.
April 7, 1981.
*461 Richard E. Davis Associates, Inc., Barre, for plaintiffs.
M. Jerome Diamond, Atty. Gen., Montpelier, and Geoffrey A. Yudien, Asst. Atty. Gen., Waterbury, for defendant.
Before BARNEY, C. J., and LARROW, BILLINGS, HILL and UNDERWOOD, JJ.
LARROW, Justice.
This is an appeal by the Department of Social and Rehabilitation Services from a decision of the Human Services Board. That decision reversed the Department's denial of a license to Wanda's Rest Home, Inc., to operate a community care home, 18 V.S.A. § 2002(1), and granted the license. The Home is owned and operated by George and Donna Huntington. The Department relied upon violations by them of several departmental regulations while they were operating under a temporary license as the basis for denying a permanent license. At the heart of the controversy is the underlying role of the Human Services Board.
The Board interpreted this role in its decision, holding that it was empowered to "apply the principles of common sense, reason, discretion, and sound judgment in each case . . . all to the end . . . [that] the public interest, safety and welfare be thus served." The outlined objective is a commendable one, and its attainment highly desirable. It undoubtedly paraphrases quite accurately the general legislative intent. Discretion and judgment are indeed essential elements, but they are entrusted by statute to the Department, not the Board. The last two sentences of 3 V.S.A. § 3091(d), relating to fair hearings before the Board after denial of a license, make this totally clear:
The board shall consider, and shall have the authority to reverse or modify, decisions of the agency based on regulations which the board determines to be in conflict with state or federal law. The board shall not reverse or modify agency decisions which are determined to be in compliance with applicable law, even though the board may disagree with the results effected by those decisions.
*462 Disagreement with the Department's result, then, is not sufficient basis, in itself, for reversal of that result. The Board incorrectly expressed the general rule. But a review of the grounds assigned by the Department for denial of the license reveals at least one that is completely unsupportable.
In the original letter of denial, as later amended, ten grounds were assigned for denial of the requested license. Four grounds were not supported by any evidence before the Board, and one ground was not supported by the evidence as presented. They are not argued on appeal. Of the remaining five grounds, only one was considered to be "material" by the Board. In short, while finding that they occurred and were violative of existing regulations, the Board considered them an insufficient basis for denial of the license. This reasoning is, as we have discussed above, faulty.
But the principal issue involved here is the admitted use of physical restraints by the Home operators. The Department's notice of denial of the license application specified a violation of its Community Care Home Regulations, Code F, § VII.C. Although just when the Department's interpretation of that regulation was communicated to the applicants is a matter of dispute, it is interpreted by the Department to prohibit the use of restraints for any purpose, absent a waiver from the Department. The notice claims no improper motivation, such as discipline or punishment, in their use. The Department's position seems to be that the use of poseys, geriatric chairs or like restraints, violates the regulation, without more being shown. We disagree.
The regulation in question reads as follows:
Physical abuse, restraints, deprivation of food, deprivation of rights and privileges, or other similar actions, shall not be used with residents.
Community Care Home Regulations, Code F, § VII.C.
It is true that we accord great weight to interpretation by the promulgator of a regulation, but this is only true where the interpretation is consistent with the purposes of the act under which the regulation is made. In re Brooks, 130 Vt. 83, 85-86, 286 A.2d 279, 281 (1971). The regulation at issue here was made under 18 V.S.A. Ch. 45, § 2014. That chapter contains a statement of policy, 18 V.S.A. § 2001, which provides:
The purpose of this chapter is to provide for the development, establishment and enforcement of standards for the . . . operation of . . . institutions . . . which will promote safe surroundings, adequate care and humane treatment of such persons cared for in these facilities.
A prohibition of restraints which provide assistance to those restrained, as opposed to those used for some other purpose, is not consistent with that statutory policy. Insofar as restraints are used to enhance the safety of the home's residents, and the method used is humane, the statute does not permit their total prohibition.
Even the Department's quoted regulation, read in its entirety, clearly indicates that its objective is to prevent any form of personal abuse, not to prevent adequate care. Reading the word "restraints" in pari materia with the words "abuse," "deprivation," and "other similar actions" makes this a necessary conclusion. And we cannot interpret the word "restraints" without regard to the terms of the entire regulation. Philbrook v. Glodgett, 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975). With no purpose other than therapeutic having been claimed or proven, this ground for license denial is unsupportable as a matter of law. The Board was correct insofar as it reversed the action of the Department denying a license.
But its action in proceeding further, and itself granting the license, cannot be sustained. Admitting that some other claimed violations had occurred, it found them either presently remedied or not of sufficient significance to justify license denial. This is essentially the exercise of discretion by the Board, rather than the Department, which we have held to be precluded *463 by 3 V.S.A. § 3091(d). Whether such other alleged violations which it may, upon rehearing, find to be sustained are a sufficient basis for the withholding of the license applied for is a matter for the Department's determination. Reversal of the original ruling does not result in an automatic issuance of the license. Rather, the case must be remanded for reconsideration of the application in light of our reversal of the Department's position with respect to the use of restraints. Doyle v. Board of Barber Examiners, 244 Cal.App.2d 521, 526, 53 Cal.Rptr. 420, 424 (1966). We cannot here say, as a matter of law, what its resulting ruling will be. It may grant the license applied for, or it may deny it. But, whatever the result, it cannot be based in whole or in part upon the use of restraints not shown to be for abusive or disciplinary purposes.
The order of the Human Services Board is affirmed insofar as it reverses the decision of the Department of Social and Rehabilitation Services, and reversed insofar as it grants the license applied for. To be certified to the Department.