# In re Hydro Energies Corporation

[522 A.2d 240]

No. 85-269

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.***

Opinion Filed January 9, 1987

*Carroll, George & Pratt*, Rutland, for Plaintiff-Appellant.

*Michael Marks* and *Sienna P. Walton*, Montpelier, for Defendant-Appellee.

---

* Justice Hill heard oral argument but did not participate in this decision.

**Allen, C.J.** This is an appeal by Hydro Energies Corporation (HEC) from a supplemental order of the Vermont Public Service Board (Board) which granted HEC 30-year levelized firm rates. The order of the Board is affirmed.

HEC, a small power production facility within the meaning of 30 V.S.A. § 209(a)(8), petitioned the Board in September, 1984 requesting a determination of its eligibility for long-term, firm, levelized rates.[1] HEC sought to sell the output from a planned hydroelectric generating station on the Ottauquechee River to the Vermont Power Exchange, Inc. (VPX), and sought a levelized rate schedule for the period of anticipated commercial operation.[2]

HEC's petition resulted in two rulings by the Board. An order entered January 16, 1985 approved HEC's eligibility to receive levelized rate treatment. In a supplemental order entered on March 22, 1985, the Board concluded that under its rules it had no authority to set levelized rates for periods other than 10, 20 or 30 years, and that HEC was entitled to the thirty-year levelized power rate commencing at the time the proposed facility began delivering power.

It is HEC's position that the Board misinterpreted Public Service Board Rule 4.104(C)(3), misinterpreted the definition of a "levelized rate," and has violated fundamental principles of administrative law.

---

[1] Levelized rates permit developers to receive larger payments for their output during the early years of operation than they would otherwise receive. During a project's later years of operation, the reverse takes place, and rate payments are smaller than payments the developer would otherwise receive. The purpose of a long-term levelized rate is to allow developers to repay debt obligations at an earlier point in time, and to facilitate financing. *In re Small Power Production Rates*, No. 4804, slip op. at 29, 32 (Vt. PSB, March 2, 1984). In contrast to nonlevelized annual rates, levelized rates are constant, and result in a series of equal payments to the developer over the life of the project. PSB Rule 4.103(A)(7). Levelized rates are based on the present worth conversion of differing annual rates to an equivalent annuity.

[2] HEC petitioned for a levelized rate schedule of 27 years. As previously indicated, *supra*, footnote 1, levelizing permits a production facility to receive higher payments at the beginning, and lower payments at the end, of a given term. The average annual levelized firm power rate over a full 30-year term is 10.26 cents per kilowatt hour. *In re Hydro Energies Corp.*, No. 4947, slip op. at 5 (Vt. PSB, Jan. 16, 1985). HEC seeks to exclude the first three years of a full 30-year term, when annual return would be lowest. The average annual rate over HEC's proposed 27-year term would be 11.46 cents per kilowatt hour. *Id.*

In March, 1984, the Board set small power rates for the first time in Vermont. *In re Small Power Production Rates,* No. 4804, slip op. at 29 (Vt. PSB, March 2, 1984). Power rate schedules were calculated by the Department of Public Service (Department) and appended to the Board's order.

Board rules require that the proposed rates filed by the Department reflect several sale options available to small power producers, including short-term sales, long-term nonfirm sales, and long-term firm sales. PSB Rules 4.104(C)(1), (2), (3). The present case only concerns long-term firm sales. Rule 4.104(C)(3) dictates that long-term firm sales "shall have a term of 10, 20 or 30 years . . . ." Long-term firm sales, in the proposed rates submitted by the Department to the Board, must be calculated on both a levelized and a nonlevelized basis. PSB Rule 4.104(C)(5). The Board has adopted a levelized rate structure. *In re Small Power Production Rates,* No. 4804, slip op. at 29.

HEC first argues that levelized rate calculations should be based on the annual, nonlevelized rates from April, 1985 through May, 2013, and that the present value of the sum of levelized payments it is entitled to receive should be equal to the present value of the sum of nonlevelized payments it would otherwise receive over the same term. Rates authorized by the Board's supplemental order have, according to HEC, a present value which is less than the present value of the sum of otherwise applicable nonlevelized payments over the same term.

The Board-authorized 30-year levelized rates do result in lower average annual payments than HEC's proposed 27-year rates for reasons based on the levelizing process. Excluding three years of rates in the averaging process necessarily means that the Board's term will result in a smaller present value than HEC's proposed term.

It is HEC's position, however, that Rule 4.104(C)(3), providing for terms of 10, 20 and 30 years, does not apply to levelized rates. Further, HEC maintains, terms established in Rule 4.104(C)(3) cannot apply to its situation because rates have only been projected for the 30 years following 1983, until 2013. HEC's operation was not to begin until 1985, in which case approving a 30-year term would require approving rates for a time period when rates have not been established.

It is the Board's position that Rule 4.104(C)(3) only authorizes long-term firm sales for terms of 10, 20 or 30 years. This position

was enunciated in its supplemental order of March 22, 1985. *Hydro Energies Corp.,* No. 4947, slip op. at 2 (Vt. PSB, Mar. 22, 1985). The Board also indicated in its supplemental order that new rates were pending in another docket, *July, 1984, Small Power Production rates filed by the Department of Public Service pursuant to Rule 4.100,* No. 4933, and that rates for 30-year periods beginning in 1985 and several succeeding years would be set.[3]

■ The primary rule when reviewing construction of administrative rules and regulations is to give language its plain, ordinary meaning. *Foster* v. *Department of Social Welfare,* 135 Vt. 376, 378, 376 A.2d 741, 743 (1977). "Levelized rate" is defined as "the result of the use of present worth arithmetic to convert a series of annual rates to an equivalent annuity." PSB Rule 4.103(A)(7). HEC argues that this definition is an expression of a method of computation, is wholly determinative of the time and price elements of the rate it seeks, and that nowhere in any related statute or rule is reference made to any other criterion for determining a levelized rate.

■■ Several other criteria, however, are relevant. The Board operates within a federal framework, the Public Utility Regulatory Policies Act of 1978 (PURPA), 16 U.S.C. § 824a-3(a) (1982), which directs that rates for utility purchases of small power production must not exceed the incremental cost to the electric utility of alternative electric energy. *Id.* at § 824a-3(b).[4] Based upon proposed rates submitted by the Department, which included long-term rates calculated on both a levelized and nonlevelized basis, the Board adopted the levelized rate arrangement. *In re Small Power Production Rates,* No. 4804, slip op. at 29, 32 (Vt. PSB, Mar. 2, 1984). This was done to facilitate construction financing. *Id.* Board Rule 4.104(C)(3) provides that "long-term firm sales shall have a term of 10, 20 or 30 years . . . ." Since annual rates for small power projects rise over time, levelization

---

[3] The Board also pointed out that if HEC were to execute a letter of intent or a power sales agreement with VPX before the adoption of the new rates, HEC could elect to receive payment under the new rate schedules.

[4] Incremental cost of alternative electric energy is "the cost to the electric utility of the electric energy which, but for the purchase from such . . . small power producer, such utility would generate or purchase from another source." *Id.* at § 824a-3(d). See also PSB Rule 4.103(A)(1) (incremental cost of alternative energy is defined as "avoided costs").

calculations which exclude the early, lower rates, as HEC seeks to do, necessarily produce a higher levelized rate. *Hydro Energies Corp.,* No. 4947, slip op. at 1 (Vt. PSB, Mar. 22, 1985).

The interpretation of a regulation by an administrative agency is given great weight. *In re Brooks,* 130 Vt. 83, 85-86, 286 A.2d 279, 281 (1971). The Board has interpreted Board Rule 4.103(C)(3) to authorize long-term firm levelized rates for only 10, 20 or 30 years, *Hydro Energies Corp.,* No. 4947, slip op. at 2, and HEC has not demonstrated error in the Board's interpretation. See *Bishop* v. *Town of Barre,* 140 Vt. 564, 577, 442 A.2d 50, 56 (1982).

■ Rules of the Board must be read together. *Huntington* v. *Department of Social & Rehabilitation Services,* 139 Vt. 416, 419, 430 A.2d 460, 462 (1981). Board Rules 4.104(C)(3) and (C)(5) both address rate schedules and sales options and must be read in conjunction with the earlier definitional section of a levelized rate, 4.103(A)(7). Taken together, the Board correctly relied upon the plain language of Rule 4.103(C)(3) in determining that a 27-year term rate schedule resulting in higher levelized rates is not available.

*Affirmed.*