CLARENCE RINFRET *v.* A. L. TRIPP ET AL.

January Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 6, 1924.

*Bill of Exceptions—Provisions of G. L. 2258 as to Time for Filing Mandatory—Exceptions Not so Filed Give Supreme Court No Jurisdiction—Order Extending Time for Filing Exceptions Must Be Made Within Statutory Period—Computation of Time Where Last Day for Filing Exceptions Falls on Sunday.*

1. The provisions of G. L. 2258, requiring that bills of exception shall be signed by the presiding judge and filed with the clerk within 30 days after the rising of the court, provided that a date before or after the expiration of the 30 days may be fixed by the court, are mandatory, and, unless complied with the exceptions must be dismissed as giving the Supreme Court no jurisdiction, and such rule cannot be affected by any action of the parties or the presiding judge.

2. Any order extending the time for filing exceptions, made subsequently to the 30 days after the rising of the court fixed by G. L. 2258, is a mere nullity by operation of the statute, and under such an order the clerk of court could not lawfully file the exceptions.

3.  Under G. L. 2258, whenever the last day for filing exceptions falls
     on Sunday, it cannot be excluded in computing the time al-
     lowed.

ACTION OF TORT.  Plea, the general issue.  Trial by jury at the September Term, 1923, Windham County, *Willcox,* J., presiding. · Verdict and judgment for defendants.  Final adjournment of the court for the term was taken November 2, 1923.  On Monday, December 3, 1923, the presiding judge extended the time for filing exceptions to December 10, 1923, at which time bill of exceptions was filed with the clerk of the court, subject to amendment.  Defendants then moved to dismiss ·exceptions because not filed within the statutory time.  The opinion states the case.  *Exceptions dismissed.*

*Harvey, Maurice & Fitts* for the defendants.

*Carpenter & Clawson* for the plaintiff.

BUTLER, J.  This case was tried by jury at the September Term of Windham county court.  Verdict and judgment for defendants.  Exceptions were noted for plaintiff.  The final adjournment of said term of court as shown by the record was taken on November 2, 1923.  No bill of exceptions was filed until December 10, 1923, and this case is now before us on the motion of defendants to dismiss the exceptions because not filed with the clerk within the time fixed by statute for filing them.

G. L. 2258 provides that a bill of exceptions "shall be signed by the presiding judge and be filed with the clerk within 30 days after the rising of the court; provided that a date before or after the expiration of the 30 days may be fixed by the court for filing of such exceptions * *."

The plaintiff attempts to bring himself within the statute by showing that the presiding judge fixed a time beyond the 30-day limit, within which he might file exceptions, and that they were filed within the time so fixed.

The 30 days allowed the plaintiff to procure and file a bill of exceptions, apart from the fact that the last day for filing exceptions fell on Sunday, expired on December 2, 1923.  By a written order signed by the presiding judge dated December 3,

1923, the time fixed by him as the last day within which exceptions could be filed was December 10. This order was not in fact signed by the presiding judge until December 4, 1923, and was not filed with the clerk until December 10.

[1, 2]    The provisions of the statute as to the signing and the time of filing exceptions are mandatory, unless complied with the exceptions must be dismissed as giving this Court no jurisdiction of the case, and no action of the parties or the presiding judge can give the court jurisdiction. *Mead* v. *Moretown,* 72 Vt. 323, 47 Atl. 1072; *Gordon* v. *Mead,* 81 Vt. 36, 69 Atl. 134; *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496. Any order subsequently made is a mere nullity by operation of the statute, and the clerk of the court could not lawfully file them. *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793; *Nixon* v. *Phelps,* 29 Vt. 198; *Cole* v. *Walsh et al.,* 97 Vt. 256, 122 Atl. 664.

In the very recent case, last above cited, this precise question was considered and determined and it was there stated that a construction of this statute giving the court authority after the time limited by statute has expired to extend the time of filing exceptions would be repugnant to the subsequent provision, requiring the clerk, if they are not filed, to erase from the docket the entry of exceptions and issue execution. *Cole* v. *Walsh, supra.*

[3]    The plaintiff, however, insists that as December 2, the last day by law for filing exceptions was Sunday, of which the court will take judicial notice, it should be excluded in computing the time in which he could file exceptions, and, being entitled to file exceptions on December 3, the court could on that day extend the time and did so.

But this ground is untenable. It appeared that the presiding judge did not sign the order of extension until Tuesday, December 4, which was manifestly too late. The application for an extension of time made to the presiding judge on December 3, is unavailing for it was not then granted. Neither does the fact that the written order was dated on December 3 aid the plaintiff, for it was not then filed.

Whether the presiding judge alone may, at any time, extend the time allowed by law for filing exceptions is a question not raised by the parties, and so is not here considered.

Moreover, if such power exists, the filing of an order with the clerk before the time allowed by law expired, is as essential as the filing of the exceptions, for at the expiration of the time the clerk is required by law to erase the notation of exceptions and thereupon other rights immediately intervene. Without an order of extension signed and filed he must act upon his record as the law directs and erase the exceptions noted, and, being but a ministerial act, when once the erasure is made it cannot be restored.

This holding would dispose of the case without further consideration of the question raised by the plaintiff and fully discussed in the brief of both parties in respect to the computation of the time allowed for filing exceptions when the last day falls on Sunday, but in view of its importance in practice it is better that this question be here determined.

While numerous cases are to be found which hold that in certain instances, if the last day on which an act is to be performed falls on Sunday, that day is to be excluded in the computation; and in some cases it is held that, if the act required by the statute is to be done by the court and not by the party and the last day for the performance of the act falls on Sunday, it may be done on the earliest succeeding day when the court may perform the duty imposed. (*Von de Place* v. *Weller,* 64 N. J. Law, 155, 44 Atl. 874); equally eminent authorities hold that when a statute fixes the time for filing exceptions, Sunday will not be excluded in computing the time allowed.

In *American Tobacco Co.* v. *Strickling,* 88 Md. 500, 41 Atl. 1083, 69 L. R. A. 909, under a statute (Code Pub. Loc. Laws, Art. 4, § 170) very similar to ours, which provided that ''bills of exceptions may be signed'' and filed ''* * * at any time within 30 days from the rendition of the verdict of the jury or the findings of the court upon the issues of fact,'' where it was contended that when the last day for filing exceptions falls on Sunday, it should be excluded in the computation, the court held that when the Legislature fixes a limitation of time that must necessarily include Sunday within the period it must be included in the computation and so ''if the 30 days expire on Sunday it should still be counted and the next day should not be allowed,'' and that such is the general rule.

And in *Simonds et al.* v. *Hanne et al.,* 50 Fla. 267, 39 So. 77, 7 Ann. Cas. 322, under a similar statute a like question was

raised and the court, Parkhill, J., said that—''The great weight of authority is that in computing the time within which an act required by statute must be done, if the last day falls on Sunday, it cannot be excluded, and the act done the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation, or the intention of the Legislature to exclude it is manifest.''

That such is the rule supported by the great weight of authority, see 26 R. C. L. 750; *Cartwright* v. *Liberty Tel. Co.,* 205 Mo. 126, 103 S. W. 982, 12 L. R. A. (N. S.) 1125, 12 Ann. Cas. 249; *Hanover Fire Ins. Co.* v. *Schrader,* 89 Tex. 35, 32 S. W. 872, 33 S. W. 112, 30 L. R. A. 498, 59 A. S. R. 25; note 49 L. R. A. 204; *Havens* v. *Stiles,* 8 Idaho, 250, 67 Pac. 919, 56 L. R. A. 736, 101 A. S. R. 195, 1 Ann. Cas. 277, and note at p. 279.

Our statute does not expressly exclude Sunday in the computation when it falls on the last day on which exceptions are required by law to be filed, and nothing appears showing that such was the intent of the Legislature. On the contrary it may be assumed that, if it intended otherwise, it would have said so, as it has done in many specific cases, and we think such has been the long-settled practice in this State.

We, therefore, hold that under our statute (G. L. 2258), whenever the last day for filing exceptions falls on Sunday, it cannot be excluded in computing the time allowed.

*Let the exceptions be dismissed.*