**Milton A. Porter et al v. Maxwell L. Baton, Executor**

[129 A2d 503]

January Term, 1957.

Present: **Jeffords, C. J., Cleary, Adams, Hulburd and Holden, JJ.**

Opinion Filed February 5, 1957.

*Raymond L. Miles* and *Maxwell L. Baton* for the defendant.

*Lee E. Emerson* for the plaintiffs.

**Cleary, J.** This is a probate appeal from the report of the commissioners of the estate of Joseph Pond, disallowing the plaintiffs' bill for services rendered to Mr. Pond. The commissioners' report was returned and filed in the probate court for the district of Orleans on December 19, 1955. The plaintiffs filed an appeal in the probate court on January 9, 1956, which was thereafter entered in the Orleans county court. Thereupon the defendant executor filed a motion to dismiss because the attempted appeal was taken and filed more than twenty days after the return of the commissioners' report. The case is here on the plaintiffs' exception to the granting of the motion to dismiss by the county court.

As stated in the plaintiffs' brief, the sole question is whether the appeal was seasonably taken and filed. V. S. 47, §3091 provides that a creditor may appeal to the county court from the decision and report of the commissioners of an estate, if written application is made therefor and filed in the office of the register of probate at the time of returning the commission-

ers' report or within twenty days after such return. In *Robinson* v. *Robinson's Ex'rs.*, 32 Vt 738 at 742, this Court held that in an appeal such as this, the appealing party shall have twenty days within which to file his appeal, not including the day of the return within the twenty days, and that the statute should be construed as if it read "within twenty days after the day of the return." Within twenty days after the day of the return, December 19, 1955, was on or before January 8, 1956, which was a Sunday.

The plaintiffs contend that, since the last day for filing the appeal fell on Sunday, they were entitled to file their appeal on the next business day, which was January 9, 1956, the day the appeal was filed. In support of their contention the plaintiffs cite a note in 14 LRA 120; annotation in 49 LRA at 203; 86 CJS 887; 3 Am Jur 143, par. 423; and 52 Am Jur 344, par. 19. The case reported in 14 LRA 120 holds contrary to the contention here made by the plaintiffs, and the note states that the general rule is that statutory time cannot be extended because the last day falls on Sunday. The note in 49 LRA 203 merely refers back to 14 LRA 120. At 49 LRA 204 the note states that many states have statutes providing that if the first or last day on which an act is to be done falls on Sunday, that day is to be excluded in the computation of time, but that Sunday cannot be excluded unless there is some statute expressly providing for such exclusion. 3 Am Jur 143, par. 423 states that in computing the time within which an appeal or error proceeding must be taken, the day on which the judgment or decree was rendered should be excluded, and the last day of the specified period should be included. Later, the same paragraph states: "When the last day falls on Sunday, it cannot be excluded and the proceedings taken on the following Monday unless there is some provision showing that it was the intention of the legislature that such day should be excluded."

The plaintiffs cite and quote from 52 Am Jur p. 344, par. 19, but paragraphs 20 and 21 on pages 346 and 347 are more applicable. In paragraph 20 the text states: "Although there is authority to the contrary, it is usually held that in computing the time within which an act required by any statute must be done, if the last day therefor falls on a Sunday, the time for the

performance of the act is not extended to the Monday following, but the last day for performance is the preceding Saturday, in the absence of an express statutory provision to that effect or a manifest legislative intent to exclude Sunday." The note following this statement refers the reader to *Rinfret* v. *Tripp*, 97 Vt. 404, 123 A 430. The plaintiffs quote at considerable length from 86 CJS 887 *et seq*. In the paragraph which follows the quotation the text states: "In some instances the courts have applied the rule that, if the act to be performed is required by statute, the time for performance will not be extended when the last day of the period falls on a Sunday or holiday, and under this rule, if the last day of a period for signing, filing, or serving a bill of exceptions falls on a Sunday (citing *Rinfret* v. *Tripp*, 97 Vt 404, 123 A 430) or a holiday, the period will not be extended to include the next secular or business day."

The case of *Rinfret* v. *Tripp*, 97 Vt 404, 123 A 430, 431, involved the filing of a bill of exceptions. Under a statute, allowing thirty days for filing exceptions, the last day fell on a Sunday, December 2, 1923. By a written order signed by the presiding judge dated December 3, 1923, the time fixed by him as the last day on which exceptions could be filed was extended to December 10, 1923. This order was not in fact signed by the presiding judge until December 4, 1923. This Court held that December 4, 1923 was too late. It also held that under the then statute, G. L. 2258, "whenever the last day for filing exceptions falls on Sunday, it cannot be excluded in computing the time allowed." G. L. 2258 is now V. S. 47, §2120, and has been amended by No. 57 of the Acts of 1949 which provides that when the last day for filing exceptions falls on a Saturday, Sunday, or legal holiday such day shall be excluded from the computation of the time for such filing.

The plaintiffs claim that the Court engaged in dictum when it held in the Rinfret case that Sunday could not be excluded in computing the time allowed for filing exceptions. The holding was not dictum. As stated in the Court's opinion, the question was raised by the plaintiff and fully discussed in the briefs of both parties. The Court also stated that in view of

470

its importance in practice "it is better that this question be here determined." Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would have disposed of the entire case upon its merits without the other and neither holding is a dictum, so long as they are properly raised and determined. An additional reason for a decision brought forward after the case has been disposed of on one ground cannot be regarded as dictum. 21 CJS 314-316; *Sharp* v. *Borough of Vineland,* 117 NJL 598, 190 A 44, 45; 14 Am Jur 298; *Jones* v. *Mutual Creamery Co.,* 81 Utah 223, 17 P2d 256, 85 ALR 908, 911; *Parsons* v. *Federal Realty Corp.,* 105 Fla 105, 143 So 912, 88 ALR 275, 287.

██ In the absence of a constitutional requirement there is no such thing as a right of appellate review independent of a statute granting it. The right is a mere legislative privilege to be granted or withheld as may seem best to the law-making body. *State* v. *Ploof,* 116 Vt 93, 97, 70 A2d 575. A fortiori there can be only a statutory right of appeal from a probate court, this being a court of special and limited jurisdiction, deriving all its authority from the statute. It follows that a probate court has only such authority to allow an appeal as is given by the statute. Otherwise, no appeal may be taken. *In re Whittemore,* 118 Vt 282, 283, 108 A2d 406, and cases there cited.

Because the Legislature has amended the statute under consideration in the Rinfret case, and because state offices do not now keep open on Saturday and secular business or employment, with some exceptions, is not permitted on Sunday, the plaintiffs argue it is rational to assume that the Legislature had in mind there would be many occasions when, as in the case now before us, the terminal date for an application for an appeal and the filing of the same would terminate on a Sunday. So the plaintiffs contend that we should decide the instant case, not on the strength of the Vermont decisions we have cited, but that we should hold this appeal was seasonably taken and filed as provided by V. S. 47, §3091.

██ It is the duty of the Courts to enforce a statute according to its terms, if the meaning is plain. It is never permissible to substitute legislative for judicial functions. The

plaintiffs' argument is proper for consideration by the Legislature but the interpretation asked for cannot be assumed by us. *Lewis* v. *Holden*, 118 Vt 59, 65, 99 A2d 758, and cases there cited.

*The order of the county court granting the motion and dismissing the appeal is affirmed. To be certified to the probate court for the District of Orleans.*