THOMAS, Justice.
This case had its inception in a claim under Workmen’s Compensation Law, Chapter 440, Florida Statutes, F.S.A. The deputy commissioner entered his order and mailed copies of it to the claimant and the employer 15 October 1962. On 5 November 1962 the employer, Board of County Commissioners of Dade County, Florida, filed an application for review.
Inasmuch as the application was lodged with the deputy commissioner the 21st day after the deputy’s order was entered, the Full Commission entertained a motion of the claimant to dismiss it, and the motion was granted.
The relevant part of Chapter 440, Sec. 440.25(4) (a), provides that a compensa *529 tion order shall be final 20 days after the day copies are mailed to the interested parties unless within that period there shall be filed an application for review by the Full Commission.
The immediate problem, presented to us by petition of certiorari to review the dismissal, is whether or not the filing of the application was untimely in view of the fact that the 20th day from the signing of the order of the deputy and mailing of the notices fell on Sunday, 4 November 1962.
There is authority for the holding that when the “act to be performed is in fulfillment of a statutory requirement, Sunday will not be excluded, and performance must be made on Saturday” although the more liberal construction of extending the time of performance to Monday is applied when “the time within which, by an order or rule, judicial action is to be taken, expires on Sunday * * Simmons v. Hanne, SO Fla. 267, 39 So. 77, decided in 1905.
Forty-eight years later in Carlile v. Spofford, Fla., 65 So.2d 545, this court held, two members dissenting, referring to Simmons v. Hanne, supra, that since the provisions of Chapter 59, Florida Statutes, F.S.A., limiting the time of appeal to 60 days from the entry of the order appealed, also provided that the prescribed procedure be considered a rule of court, and the Common Law and Equity Rules expressly provided that periods expiring at a certain time should be extended if they ended on Sunday or a legal holiday, the court had modified the statute to that extent.
Upon thorough consideration we have concluded that there is no need for the distinction, and no lack of power in this court to eliminate it, and that as a matter of construction and obviation of confusion the computations should be the same. Thus will any trap to an unwary attorney who has failed to grasp the distinction be avoided.
There is no occasion to hold that a period for review by the Full Commission should be governed by one rule, i. e., that expiration on a Sunday would require filing on the Saturday before, if indeed not on the Friday before since Saturdays are now generally considered holidays, while a petitioner for certiorari to this court from a ruling of the Full Commission in the very controversy be allowed to file on Monday if the time for filing a certiorari expired1 on Sunday. Sec. 440.27, Florida Statutes,, F.S.A., Rule 4.5(c) and Rule 3.18, Florida Appellate Rules, 3,1 F.S.A.
Without any unfavorable criticism of the Commission’s effort to follow available authorities on their way to a decision of the question but with confidence that an interpretation harmonizing the procedures will redound to clarification and simplification we hold that the application should be entertained and the cause, therefore, considered on its merits.
So the order of the Full Commission is quashed with directions to proceed accordingly.
DREW, C. J., and ROBERTS, O’CON-NELL and CALDWELL, JJ., concur.
TERRELL, J., dissents with opinion.
THORNAL, J., dissents and concurs with TERRELL, J.