## Judith Cronin v. Department of Social Welfare

[485 A.2d 1253]

No. 83-161

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed October 26, 1984

*Judith Cronin*, pro se, Fairfield, Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, Montpelier, and *Michael O. Duane*, Assistant Attorney General, Waterbury, for Defendant-Appellee.

**Per Curiam.** The plaintiff appeals the decision of the Vermont Human Services Board (Board) affirming an action of the Vermont Department of Social Welfare (Department), which reduced the amount of plaintiff's Aid to Needy Families with Children (ANFC) grant. The reduction was based on a determination that the plaintiff incurred lower housing expenses because of the granting of a one year moratorium on the

monthly principal and interest payments due on a mortgage held by the U.S. Farmer's Home Administration (FmHA). We affirm.

The Vermont Welfare Assistance Manual (W.A.M.) § 2245.3 provides that housing allowances for recipients "shall be budgeted 'as incurred' . . . ." The plaintiff argues that she is incurring expenses on the mortgage despite the moratorium because the moratorium does not relieve her of the debt, but merely allows her to postpone payment. The Board, however, had previously determined that the meaning of an "incurred" housing expense does not include a mortgage during the effective period of a moratorium. See Vermont Human Services Board Fair Hearing Number 3748 (Aug. 6, 1981). The Board reaffirmed that interpretation in deciding the case before us. The issue presented on appeal is the validity of that interpretation.

 Administrative agencies' interpretations of their own regulations "are usually given great weight by this Court." *Bishop* v. *Town of Barre*, 140 Vt. 564, 577, 442 A.2d 50, 56 (1982) (citing *In re Brooks*, 130 Vt. 83, 85–86, 286 A.2d 279, 281 (1971)); see also *Huntington* v. *Department of Social & Rehabilitation Services*, 139 Vt. 416, 419, 430 A.2d 460, 462 (1981). An agency's interpretation of its own regulation is controlling unless it is plainly erroneous or inconsistent with the regulation. *Thorpe* v. *Housing Authority of Durham*, 393 U.S. 268, 276 (1969) (citing *Bowles* v. *Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)); 2 K. Davis, Administrative Law Treatise § 7:22 (2d ed. 1979). The determination that an incurred expense does not include a mortgage while a moratorium is in effect is reasonable, consistent with W.A.M. § 2245.3, and not plainly erroneous. The decision of the Board is therefore affirmed.

*Affirmed.*