### Grievance of Joseph Roy

[519 A.2d 1147]

No. 82-518

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 24, 1986

*Michael R. Zimmerman*, Montpelier, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Michael Seibert*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Peck, J.** Joseph Roy (grievant) appeals from an order of the Vermont Labor Relations Board (Board) dismissing a petition filed by him challenging a performance evaluation he received from his employer, the Vermont Department of Employment Security. The petition was dismissed as untimely. We affirm.

In September of 1981, grievant received an unfavorable performance evaluation. He pursued grievance procedures, alleging that the evaluation was issued in violation of agreements between the State of Vermont, his employer, and the Vermont State Employees' Association, and claiming that the evaluation should therefore be rescinded.

A final decision was rendered by his employer on November 19, 1981, granting partial relief. On December 21, 1981, grievant filed his petition with the Board. Section 23.1 of the Board's rules of practice provides, in pertinent part:

> The Board shall hear and make final determination on the grievances brought before it, provided, that such grievances are appealed pursuant to the procedures contained in an existing collective bargaining agreement and are filed within thirty (30) days after receipt of notice of final decision of the employer, unless the collective bargaining agreement provides for a different time period.

Grievant received notice of his employer's final decision on November 20, 1981. His appeal to the Board was filed on Monday, December 21, 1981, thirty-one (31) days after receipt of notice of his employer's final decision. The Board dismissed his petition as being untimely filed.

Grievant argues here that it was error for the Board to dismiss his petition because the thirtieth day of the filing period fell on a weekend, and he therefore should have had until the following Monday, December 21, 1981, to file his petition. He concedes that the rule set forth in V.R.C.P. 6(a), which permits the filing of materials on a Monday following a weekend filing deadline, is inapplicable. Although § 11.1 of the Board's rules of practice specifically incorporates certain sections of the Vermont Rules of Civil Procedure, V.R.C.P. 6 is not one of them. Nonetheless, grievant argues that common sense and the statutorily assured right of employees to pursue their grievances make it unreasonable for the Board to have ruled that his petition was not timely filed. We are unable to agree.

We recognize that "[a]n agency's interpretation of its own regulation is controlling unless it is plainly erroneous or inconsistent with the regulation." *Cronin* v. *Department of Social Welfare,* 145 Vt. 187, 188, 485 A.2d 1253, 1254 (1984). The Board's interpretation of § 23.1 of its rules is neither erroneous nor inconsistent therewith. Moreover, in *Porter* v. *Baton,* 119 Vt. 466, 129 A.2d 503 (1957), this Court was confronted with a problem similar to the one presented here. The issue was the construction of a statute authorizing appeals from the report of the commissioners of an estate to the county court. The time for taking the appeal under the controlling statute at that time (V.S. 47, § 3091) was twenty days. In that case, the last day fell on Sunday. The appeal was instituted the next day, Monday. The executor of the estate filed a motion to dismiss on the grounds the appeal was not timely. The county court granted the motion and this Court af-

firmed on appeal, citing with approval the general rule that, in the absence of a statute *excluding* weekends and holidays, or extending the time when the last day for computing time in cases like this one falls on a Sunday, proceedings taken the following day come too late. *Id.* at 468-69, 129 A.2d 504.

In the same case, this Court held further that to construe the controlling statute as urged by the appellant would constitute an improper intrusion into the legislative function. "The plaintiffs' argument is proper for consideration by the Legislature but the interpretation asked for cannot be assumed by us." *Id.* at 470-71, 129 A.2d at 505.*

We hold that *Porter* is still sound law and conforms with judicial precedents in a majority of the courts in this country today. Nor do we perceive adherence to the general rule as unfair or unreasonable. Grievant knew that, under the Board's rule, his appeal had to be "filed within thirty (30) days." The language is unambiguous and its meaning is plain on its face. He knew, or certainly should have known sometime in advance, that the last day fell on a Sunday. There was no basis for an assumption that there would be an automatic extension of time. Under these circumstances, if grievant was uncertain or in doubt, he had some obligation to contact the Board in advance, in other words, to employ appropriate diligence to safeguard his own interests, and not simply do nothing.

Finally, in the absence of a showing that grievant requested an extension of time, made either some inquiry or some good faith attempt to file on the weekend, it cannot be argued reasonably that he was deprived of his full thirty days. The Reporter's Notes to V.R.C.P. 77(a) cite cases in which courts have held that a document pushed under the door of a court's office after closing hours of the last day for filing was timely; and where, under the same circumstances, the deputy clerk of the court was located at her residence a document left with that official was also held to have been timely filed. In neither case (nor indeed in our own rules) did the court rules themselves contain any instructions for filing after closing hours of a normal business day. We see no meaning-

---

* It is instructive that where the legislature intended to grant additional time if the last day for taking appeal from and to administrative tribunals falls on weekends or holidays, it made express provisions to that effect. See 32 V.S.A. § 4461(a) relating to property tax appeals.

ful distinction between a weekend and the after-hours period of a business day.

*Affirmed.*

**Gibson, J.,** dissenting. I must dissent. This Court has held that statutes giving the right of appeal are remedial in nature and, as such, are entitled to liberal construction to further, rather than restrict, the right of review. *In re Estate of Pringle,* 119 Vt. 8, 9, 117 A.2d 379, 380 (1955); *In re Maurice,* 117 Vt. 264, 268, 90 A.2d 440, 443 (1952). Administrative rules, having "the force of law," 3 V.S.A. § 845(a), must be accorded similar treatment.

The rules of practice of the Labor Relations Board provide that a grievant may have thirty days within which to take an appeal. By failing to provide for occasions when the appeal period ends on a day when the office is closed and by strictly construing its rule, the Board has in effect shortened grievant's appeal time to less than thirty days, thus restricting his appellate rights. I would overrule *Porter* v. *Baton,* 119 Vt. 466, 129 A.2d 503 (1957), if necessary, and hold that where an administrative agency has not provided for the actual receipt of notices on a weekend or holiday, receipt on the next business day is a timely filing for purposes of complying with the appellate notice requirement. Such an approach would be consistent with that taken in a number of other jurisdictions. See *Johnson* v. *Flemming,* 264 F.2d 322, 323 (10th Cir. 1959); *Simon* v. *Commissioner of Internal Revenue,* 176 F.2d 230, 232 (2d Cir. 1949); *White* v. *Avery,* 226 Ark. 951, 953, 295 S.W.2d 364, 365 (1956); *Dade County Planning Department* v. *Ransing,* 158 So. 2d 528, 529 (Fla. 1963); *Ball Stores, Inc.* v. *State Board of Tax Commissioners,* 262 Ind. 386, 393, 316 N.E.2d 674, 678 (1974).

I am authorized to say that Justice Hayes joins in this dissent.