## Geoffrey TRASK v. DEPARTMENT of EMPLOYMENT and TRAINING

[749 A.2d 1130]

No. 99-143

January 25, 2000. Claimant Geoffrey Trask appeals the Employment Security Board's dismissal of his appeal from a claims adjudicator's determination. The Board concluded that his appeal was untimely filed. Claimant now argues that (1) the appeal was timely filed; (2) he was denied due process by a five-day delay between the determination and his receipt of the decision; and (3) he was denied "prompt notice in writing" of the determination in violation of 21 V.S.A. § 1348(a). We affirm.

Claimant filed a claim for unemployment compensation benefits on January 5, 1997. On October 9, 1998, the claims adjudicator determined that claimant had erroneously received temporary workers' compensation benefits in excess of his weekly unemployment compensation benefit amount totaling $5,425.00, and was liable to repay these overpaid benefits to the Department of Employment and Training (DET). This determination was mailed by certified mail, and claimant received it on October 15, 1998. Claimant's appeal rights were stated at the end of the determination:

YOUR APPEAL RIGHTS: This determination may be appealed within thirty (30) calendar days from the determination date

shown above. Your appeal must be in writing and may be filed in person at any District Office or at the Central Office in Montpelier. *The appeal may also be filed by mail, in which case the postmark date is considered the date of appeal*, or fax, in which case the fax date is considered the date of appeal.

(Emphasis added.) The thirty-day appeal period expired on Sunday, November 8, 1998. Because the post office is closed on Sundays, claimant mailed his appeal on Monday, November 9, 1998, thirty-one days after the claims adjudicator's determination. DET received the appeal on Thursday, November 12, 1998.

On December 8, 1998, the chief appeals referee conducted a telephone hearing. The following day, the referee dismissed the appeal for lack of jurisdiction, stating that because claimant's appeal was filed more than thirty days after the determination date, it was untimely and could not be considered on its merits. On January 6, 1998, claimant appealed this decision to the Board. The Board held a hearing on January 28, 1999. On February 23, 1999, the Board affirmed the referee's decision.

On appeal to this Court, claimant first argues that the appeal was timely filed because he could not mail his request to appeal on the thirtieth day of the appeal period, as it fell on a Sunday, but he did mail it on the thirty-first day, a Monday.

In *Allen v. Vermont Employment Security Bd.*, 133 Vt. 166, 333 A.2d 122 (1975), we held that a timely appeal is jurisdictional, and that V.R.C.P. 6(a) and (e) do not apply in the unemployment compensation administrative appeal process.* See *id.* at 170, 333 A.2d at 124.

---

*V.R.C.P. 6 reads, in pertinent part:

(a) Computation. In computing any period of time pre-

Claimant concedes that *Allen* applies here. He does not ask us to overrule it, but rather to carve out a fairness-based public policy exception to *Allen*. We decline claimant's invitation.

It should be noted at the outset that claimant was *not* in the circumstance of attempting to file an appeal on the thirtieth day of the appeal period but finding the district or central office closed by reason of the weekend or a holiday. Nor is this a case in which DET received claim-

---

scribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a State or federal legal holiday, or, when the act to be done is the filing of some paper in court, a day on which weather or other conditions have made the office of the clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

. . . .

(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three days shall be added to the prescribed period unless the notice or other paper is served by the court.

ant's mailed notice of appeal on the first business day following the expiration of the thirty-day appeal period. In either of the preceding examples, claimant's notice of appeal would have been timely despite the fact that DET would not have received it until the thirty-first day. In liberally construing its appeal period to allow a claimant the benefit of the thirty-first day when the previous day falls on a Sunday or holiday, DET meets the concerns of even the dissenters in *In re Roy*, 147 Vt. 403, 519 A.2d 1147 (1986), who urged a "liberal construction" of the right of appeal allowing a timely filing on the thirty-first day where an administrative agency has not provided for actual receipt of notice of appeal on a weekend or holiday. *Id.* at 406, 519 A.2d at 1149-50 (Gibson, J., dissenting). Indeed, DET considers a mailed notice of appeal to be timely filed no matter when it is received, so long as it has been postmarked within the thirty-day appeal period. These liberal policies are more generous than *Allen* assigned to unemployment compensation appeal deadlines, and noting that "[a]n agency's interpretation of its own regulation is controlling unless it is plainly erroneous or inconsistent with the regulation," *Cronin v. Department of Social Welfare*, 145 Vt. 187, 188, 485 A.2d 1253, 1254 (1984), we allow them to stand as the ceiling to *Allen's* floor.

However, even under DET's forgiving deadlines, claimant's appeal here fails. His appeal was mailed — not filed — one day after the appeal period expired, and was not received until three days after that. In arguing that we should extend a fairness-based exception to *Allen's* exclusion of V.R.C.P. 6 in unemployment compensation appeals to his case, claimant cites many federal cases interpreting the near-identical F.R.C.P. 6. However, these cases are distinguishable from the instant case because they all involve filing a notice of appeal on the first business day after the expiration of the appeal period,

rather than a mailing of the appeal on the thirty-first day as occurred here. Thus, claimant's argument is unpersuasive under either *Allen* or the liberal agency regulations. Accordingly, we affirm the Board's conclusion that claimant's appeal was untimely.

Claimant next argues that he was denied procedural due process because of the five-day delay between the issuance of the determination on October 9, 1998 and his receipt of the decision on October 13, 1998. Claimant contends that the delay hindered his ability to timely request and receive documents from his workers' compensation attorney that would have aided in formulating the substance of his appeal, and forced him to wait until the last possible moment before mailing his appeal in the hope that these documents would arrive in time.

DET acknowledges that the delay is inexplicable, and, we might add, regrettable. Nevertheless, claimant received the determination within a week of the date it was issued, and still had more than three weeks to file an appeal within the thirty-day appeal period. Moreover, to preserve his appeal, claimant needed only to file a written notice; he did not need the documents that he was allegedly awaiting. If he was confused about what was required to notice his appeal — a claim he has not made — his failure to alert the Board of his uncertainty or that he was facing a time problem defeats his due process argument. Claimant's inaction here falls short of *Roy's* requirement that a claimant "employ appropriate diligence to safeguard his own interests, and not simply do nothing." *In re Roy*, 147 Vt. at 405, 519 A.2d at 1149.

Finally, claimant contends that the five-day delay violated 21 V.S.A. § 1348(a)'s requirement of written "[p]rompt notice" of the determination. However, this argument is unavailing. The notice claimant received here allowed him a reasonable amount of time to preserve his appeal,

and occurred by an acceptable method of delivery. See 21 V.S.A. § 1357 (notice adequate if delivered personally or sent by ordinary or certified mail to claimant's last address of record). Thus, claimant received "[p]rompt notice" of the October 9, 1998, determination within the meaning of § 1348(a).

*Affirmed.*