VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        22-AP-107



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2022

| Samantha R. Angstman\* v. Department of Labor | } | APPEALED FROM: |
|---|---|---|
| | } | |
| | } | Employment Security Board |
| | } | |
| | } | CASE NO. D-005818 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals from the Employment Security Board's dismissal of her appeal as untimely filed.  We reverse and remand for additional proceedings.

Claimant sought unemployment assistance, seeking backdated and prospective benefits for dates not covered by two Payroll Protection Program (PPP) loans that she received.  The Department of Labor determined on May 11, 2021, that claimant was ineligible for Pandemic Unemployment Assistance (PUA) benefits for the backdated weeks of March 21 through June 13, 2020, because she failed to provide good cause to support her backdating request.  Claimant appealed this decision to an Administrative Law Judge (ALJ).  In a November 8, 2021, ruling, the ALJ modified the Department's decision, finding claimant eligible for PUA benefits for the aforementioned backdated weeks.  The ALJ did not find claimant eligible for PUA benefits after June 18, 2020, however, because she had received a Payroll Protection Program (PPP) payment as a business owner at that time and because she was also able to earn some wages during this period.  The ALJ remanded the case to the Department's adjudications department for further review.  The ALJ decision contained boilerplate information about claimant's appeal rights and instructions on how to submit an appeal.

Claimant provided evidence indicating that on November 10, 2021, she emailed a Department employee because, following the ALJ's decision, she discovered that all her claims from January 2, 2021, forward were marked as ineligible on the Department's online portal.  She explained that her PPP loans covered specific three-month periods of time during which she had not sought PUA benefits and argued that she remained eligible for PUA benefits outside these dates.  She noted that her first PPP loan covered June 18 through September 10, 2020, and a second PPP loan later covered January 22 through April 17, 2021.  Claimant sought assistance in how to appeal the "ineligible" dates and questioned whether she needed to file appeals for each of the twenty-three weeks marked ineligible in the portal.

On November 16, 2021, claimant apparently emailed the Department's Appeals Unit seeking clarification on the point noted above. She appears to have been told by the Department to direct her inquiry to the claimant assistance line. Claimant stated that she did so and was told that the proper way to appeal was to use the "Appeal" button on the PUA website, submitting an appeal for each individual week that had been incorrectly invalidated. Claimant says she did so on December 7, 2021, and received confirmation of her submissions. She states that she believed she had filed her appeal as required. According to claimant, she learned otherwise on December 30, 2021, when she received an email that her appeals had been dismissed. When she called for more information, the Department told her that she had been given the wrong information about how to appeal and that she needed to again email the Appeals Unit and ask for a review by the Employment Security Board. She did so on January 3, 2022.

Claimant provided a written summary of the information above to the Board, explaining that she tried to resolve the issue in a timely manner but was directed by the Department to submit her appeals through the PUA website. She indicated that she attached various documents in support of her assertion, including her November email to the Appeals Unit and its response. In a March 21, 2022, decision, the Board dismissed claimant's appeal as untimely filed. It did not address claimant's argument that she had contacted the Department's Appeals Unit on November 16, 2021, and filed appeals as directed by that unit on December 7, 2021. Claimant now appeals from the Board's decision.

Claimant asserts that she sought an appeal prior to her January 3, 2022, request. She argues that the Appeals Unit should have forwarded to the Board her email from November 16, 2021, and her appeals from December 7, 2021, which she submitted as directed through the PUA website and received confirmed receipt by email from "Department of Labor, Appeals."

By statute, an appeal from an ALJ decision to the Board must be filed within thirty days. See 21 V.S.A. § 1349 ("Within 30 days after date thereof, an interested party may appeal from the decision of the referee to the Board, by filing a written request therefor in the manner prescribed by regulations of the Board."). We have held that the Board does not have discretion to extend this statutory appeal period. See Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 169 (1975) (holding that "board has no inherent power to extend the statutory appeal period" except for failure to receive notice as specified in 21 V.S.A. § 1357); see also Trask v. Dep't of Emp. & Training, 170 Vt. 589, 590 (2000) (mem.) (declining "to carve out a fairness-based public policy exception to Allen").

As an initial matter, it is not clear that the ALJ decision was final given that, in addition to modifying the Department's decision, it also called for a remand to the Department for further review. See, e.g., In re Burlington Bagel Bakery, Inc., 150 Vt. 20, 21 (1988) ("To be final and appealable an order must end litigation on the merits or conclusively determine the rights of the parties, leaving nothing for the court to do but execute the judgment." (quotation omitted)). Assuming that it was final, and that therefore appellant needed to appeal within thirty days, the Board made no findings regarding claimant's efforts to appeal in November and December 2021: efforts that claimant recounted to the Board in a March 2022 email. These efforts appear to include communication with the Department's Appeals Unit disagreeing with and seeking relief from the apparent consequences of the ALJ's decision. See generally Elliott v. Dep't of Emp. Sec., 137 Vt. 536, 538 (1979) (explaining that, "[a]t the bare minimum, a notice of appeal must inform the parties and the tribunals concerned that the proceedings are not concluded so they may respond accordingly" (quotation omitted)); see also In re Roy, 147 Vt. 403, 405 (1986)

2

(observing that grievant who is unclear on appeal deadlines must "employ appropriate diligence to safeguard his own interests, and not simply do nothing").

There are unresolved questions of fact as to whether claimant needed to appeal the ALJ decision given the remand to the Department and, if so, whether her actions in November and December 2021 constituted a timely appeal of the ALJ's decision. We therefore reverse and remand for the Board to resolve these questions.

Reversed and remanded for additional proceedings.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice