VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-226



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2023

Paul Webster\* v. Department of Labor          }     APPEALED FROM:
                                              }     Employment Security Board
                                              }     CASE NO. 12-21-188-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals the Employment Security Board's decision dismissing his appeal as untimely filed.  We affirm.

Claimant filed an initial claim for unemployment benefits for the week ending July 4, 2020, and he began receiving benefits.  In November 2021, a claims adjudicator issued a determination that claimant was disqualified for benefits for the weeks ending July 4, 2020 through November 7, 2020, because claimant had voluntarily separated from employment without good cause attributable to his employer.  The claims adjudicator also found that claimant had been overpaid benefits and ordered those benefits repaid to the Department of Labor (DOL) plus an administrative penalty.  The adjudicator issued a revised determination in December 2021 removing the administrative penalty.

Claimant timely appealed the claims adjudicator's decision, and a hearing before an administrative law judge (ALJ) was held on April 18, 2022.  Claimant argued that he had good cause to leave his job because he had to care for his seriously ill dog.  On April 18, 2022, the ALJ issued a written decision upholding the claims-adjudicator's determination.  The ALJ reasoned that although claimant had demonstrated good <u>personal</u> cause, he had not shown good cause attributable to his employer for leaving his position, which was necessary to qualify for unemployment benefits.  The ALJ's decision included specific instructions for how to appeal, including the following warning: "The decision of the administrative law judge will become final unless, within 30 calendar days of the decision date, a written request for review by the Employment Security Board is filed."

Claimant appealed the ALJ's decision to the Board by mailing a letter postmarked June 11, 2022, which was more than thirty calendar days from the date of decision.  In July 2022, the Board issued a decision dismissing claimant's appeal as untimely.  Claimant timely appealed the Board's decision to this Court.

In the present appeal, claimant reiterates his arguments about why he believes he qualified for unemployment benefits, but he does not address the timeliness of his appeal to the

Board.  By statute, an appeal from an ALJ decision to the Board must be filed within thirty days.  See 21 V.S.A. § 1349 ("Within 30 days after date thereof, an interested party may appeal from the decision of the referee to the Board, by filing a written request therefor in the manner prescribed by regulations of the Board.").  The Board does not have discretion to extend this statutory appeal period.  See Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 169 (1975) (holding that "board has no inherent power to extend the statutory appeal period" except for failure to receive notice as specified in 21 V.S.A. § 1357); see also Trask v. Dep't of Emp. & Training, 170 Vt. 589, 590 (2000) (mem.) (declining "to carve out a fairness-based public policy exception to Allen").  Claimant did not assert that he failed to receive notice of the ALJ's decision, so there was no basis to extend the appeal period.  His failure to appeal the ALJ's decision within thirty days deprived the Board of jurisdiction to consider the matter.  The Board correctly dismissed claimant's appeal.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice