VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-259



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

Christina M. Fisher\* v. Department of Labor      }      APPEALED FROM:

}

}      Employment Security Board
}      CASE NO. 11-22-076-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals an Employment Security Board order, which affirmed a decision by an Administrative Law Judge (ALJ) dismissing claimant's appeal to the ALJ as untimely filed. We affirm.

Claimant applied for unemployment compensation in 2021. On November 10, 2021, a claims adjudicator issued a notice denying her claim because she was not able and available for work as required by statute. Claimant did not recall receiving the notice. On October 7, 2022, the Department of Labor sent a reissued determination to claimant's address of record. The determination warned that it would become final unless claimant appealed in thirty days. Claimant submitted a notice of appeal to an ALJ by email on November 13, 2022. Because claimant's appeal was filed beyond the thirty-day appeal period, the ALJ dismissed the appeal for lack of jurisdiction.

Claimant appealed to the Board. The Board adopted the ALJ's findings. The Board sustained the ALJ decision, concluding that claimant's appeal was filed beyond the thirty-day statutory appeal period and therefore was properly dismissed. Claimant appeals.

On appeal to this Court, claimant does not contest the underlying facts regarding the date of the reissued determination or the date of her appeal. She argues that her late filing was due to many factors outside her control, including the pandemic and her medical condition. She also argues that there was a delay in mail delivery, and she did not receive the October 7, 2022, determination until between November 2-5, 2022. For these reasons, claimant contends the appeal period should be extended past the thirty-day deadline.

Pursuant to statute, a claimant may appeal a determination regarding unemployment compensation by filing an appeal "within 30 days after notice," and appeal periods commence "from the date of the determination or decision rendered." 21 V.S.A. §§ 1348(a), 1357. When a person submits a sworn statement that the notice was not received and the Commissioner is satisfied that the person did not receive notice, a new notice is sent, and the appeal period runs

from "the date on which the new notice is sent." Id. § 1357. This Court has held that the time for filing an appeal to an ALJ is established by statute and jurisdictional and cannot be extended, except as provided by statute. Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 168 (1975); see Trask v. Dep't of Emp. & Training, 170 Vt. 589, 591 (2000) (mem.) (concluding that appeal was untimely where it was mailed one day after appeal period expired). Here, the reissued determination was sent October 7, 2022. Claimant submitted her appeal more than thirty days later. Claimant's proffered grounds for extending that period—the pandemic, claimant's health, the mailing delay—are not bases under the statute to extend the appeal period. Therefore, claimant's appeal was properly dismissed as untimely filed, and we do not reach claimant's arguments regarding the merits of the underlying decision by the claims adjudicator.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

2