VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        25-AP-161



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2026

| | |
|---|---|
| Lisa Tilley\* v. Department of Labor | APPEALED FROM: |
| | Employment Security Board |
| | CASE NO. 11-24-019-01 |

In the above-entitled cause, the Clerk will enter:

Claimant Lisa Tilley, self-represented, appeals from an Employment Security Board order dismissing her appeal from the decision of an administrative law judge (ALJ) as untimely filed. We affirm.

In October 2024, the Department of Labor's Program Integrity Unit issued notice to claimant that her debt of $7193 for overpaid unemployment benefits would be submitted to the Department of Taxes for collection through an offset of her tax refund. See 32 V.S.A. § 5933 (providing that claimant agencies may submit any debt of $45 or more to Department of Taxes for collection through setoff of any refund otherwise owed to debtor). Claimant timely appealed this notice to an ALJ. See id. § 5934(c) (stating that debtor may appeal notice of intended setoff by requesting hearing before claimant agency within thirty days).

In a written decision dated January 16, 2025, an ALJ affirmed the offset determination. He found that the underlying overpayment determination became final over three years earlier and claimant had yet to repay any portion of this amount to the Department. At the conclusion of the ALJ's order was a notice setting forth claimant's appeal rights. It explained that the ALJ's decision would become final unless claimant requested an appeal, in writing, within thirty calendar days of the decision date.

Claimant filed her appeal to the Board on February 24, 2025. The Board issued a notice explaining that claimant's appeal appeared to be untimely and, while a hearing would be scheduled before the Board, the only issue to be addressed would be timeliness. Claimant did not register to participate in the April 2025 hearing as directed in the Board's hearing notice and, as a result, no hearing was held. The Board subsequently issued a decision concluding that it was without jurisdiction to consider claimant's appeal because it was filed on February 24, more than thirty days after the January 16 date of the ALJ decision. This appeal followed.

On appeal to this Court, claimant argues that the tax offset was unfairly assessed. She asserts that she applied for the overpaid benefits at issue when her employment was impacted by the COVID-19 shutdown and, while she was unable to secure appropriate assistance from

Department employees at the time due to understaffing, she provided the agency with all required information and was initially deemed eligible. Claimant does not, however, address the Board's conclusion that it was without jurisdiction to consider her appeal because she did not file it within thirty days of the ALJ's order affirming the offset determination.

Claimant's untimely appeal forecloses our ability to reach her arguments on the merits of the offset determination. The unemployment-compensation statute requires that any appeal to the Board be filed "[w]ithin 30 days after the date of the [ALJ's] decision." 21 V.S.A. § 1349(a). We have recognized that a timely appeal is a jurisdictional requirement, and the Board does not have discretion to extend the statutory appeal period except for failure to receive notice as specified in 21 V.S.A. § 1347. Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 168-69 (1975); see Trask v. Dep't of Emp. & Training, 170 Vt. 589, 590 (2000) (mem.) (declining "to carve out a fairness-based public policy exception to Allen").

The record demonstrates that claimant's appeal was not filed within thirty days of the ALJ's decision as required under 21 V.S.A. § 1349(a). She does not contend that she failed to receive notice of the ALJ's decision, so there was no statutory basis to extend the appeal period. The Board thus correctly concluded that it lacked jurisdiction to hear claimant's untimely appeal.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice